IOASA of Fagatogo, VILI FONOTI of Tafuga, LUI of Iliili, Plaintiffs

v.

AIVAO of Iliili, Defendant

No. 11-1937

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Letuli" of Iliili]

February 14, 1938

A. A. MORROW, *Chief Justice*; LIUFAU, *District Judge;* and PELE, *District Judge.*

## DECISION

This is the matai name case of Letuli of Iliili. Aivao filed his application for the name on August 3, 1937. Ioasa of Fagatogo filed an objection on August 19, 1937 and became a candidate for the name. Vili Fonoti of Tafuga did likewise on August 30, 1937 and Lui of Iliili did likewise on September 1, 1937.

The Court has considered the case with great care. Besides listening to the testimony the writer of this decision has read and re-read very carefully a transcript of the testimony given in open court.

■ For many years the law for the guidance of the High Court in matai name cases was to the effect that the name should be awarded to the candidate with the best hereditary right. The 1937 Fono passed a resolution recommending that the High Court in matai name cases should be guided by the following in priority listed:

1. The wish of the majority of the family.

2. The forcefulness, character, personality and leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary; otherwise, the male descendant shall prevail.

4. The value of the holder of the matai name to the Government of American Samoa.

This resolution was approved by the Governor and is now the law.

■ It should be observed that under the law as it now stands no one has any pule over a matai name. There is nothing in the law as passed by the Fono and approved by

the Governor which permits a matai name to be given by the holder to another by will or otherwise.

The Court heard testimony for an entire day. Many witnesses for the different candidates as well as the candidates themselves were heard. Petitions signed by various members of the family in favor of the respective candidates were introduced in evidence. The genealogy of each candidate was also introduced. Each candidate and his counsel were given an opportunity to examine the petitions of the other candidates. The writer of this opinion will consider *seriatim* the right, under the law and the evidence, of each candidate to the name.

First Lui. There were 24 signatures on Lui's petition. Aivao and Ioasa each had 39 while Fonoti had 83. Some of the signatures on the petitions of the three other candidates were questioned on the ground that the signers were not members of the Letuli family. Admitting for the sake of argument, but not deciding, that every signature that was questioned should not be counted, and counting all of the signatures on Lui's petition, Lui still has many less signatures than any of the other candidates. The family held five meetings to settle the question as to who was to have the name. At two Aivao was selected. There was no evidence introduced that any one of the other three candidates were selected at any of the other three meetings. It is apparent from the evidence that more members of the family prefer Aivao than Lui.

Lui is 22 years of age. Aivao is 39. Ioasa is 48, and Fonoti is 68. Lui is quite youthful. He is not yet in the prime of life as is Aivo. His experience in dealing with other men has necessarily been limited because of his youth. Aivao was Pulenuu of Iliili for five months. We do not believe that a youth of 22 will command the same respect in dealing with the chiefs as will an older man. Lui has not entertained guests. True he has been away at school and

has not had the opportunity but the fact nevertheless remains that he has not had that experience. Aivao has had it. It is our opinion from the evidence as to age and experience, that Aivao is better qualified than Lui on the issue of leadership and forcefulness.

With regard to the issue of best hereditary right the evidence showed that Lui is the adopted son of Letuli Tualauta and the nephew by blood of the same Letuli. He has two other Letulis in his genealogy but they are quite far back. We think that Aivao being a true son of Letuli Tagaloa and the grandson of Letuli Kenese has a better hereditary right than Lui.

With regard to the value of Lui and Aivao respectively, to the Government of American Samoa, we believe from the evidence that they both stand on substantially the same basis.

In view of the foregoing considerations it is apparent from the evidence that under the present law as between Lui and Aivao, Aivao is entitled to the name.

Second, Ioasa. Ioasa has 39 signatures on his petition. Aivao has the same number. These two candidates are on an equal footing with respect to the wishes of the family, considering the petitions alone; however, as hereinbefore stated there is the additional fact that Aivao was selected for the name at two family meetings. There is no evidence that at any family meeting Ioasa was selected. It is our opinion, the petitions and the two family meetings at which Aivao was selected by the family for the name considered, that on the issue as to the wishes of the family Aivao prevails over Ioasa.

With reference to the issue of character, leadership, forcefulness and personality, basing our opinion upon the evidence introduced in behalf of Aivao and Ioasa, it is our conclusion that Aivao has a slightly better right. He is nine years younger than Ioasa. On the issue of the best

hereditary right, Aivao's right is very clearly superior to Ioasa's. Aivao according to his genealogy introduced in evidence is the true son of Letuli Tagaloa and the grandson of Letuli Kenese. Ioasa according to his genealogy introduced in evidence, is the nephew of Letuli Kenese and the grandson of Letuli Tagaloa. Aivao being the true son of a Letuli is in our judgment as between himself and Ioasa entitled to the name so far as the issue of best hereditary right is concerned.

With reference to the issue of value to the Government of American Samoa we think that Aivao and Ioasa stand on substantially the same basis. It is apparent from what has been said, that under the law Aivao has a better right to the name than Ioasa.

Third, Fonoti. We will next consider the right of Aivao to the name as compared with Fonoti. On the issue of value to the Government of American Samoa it appears that both had paid their taxes and both have plantations. In case of need by members of the family we think from the evidence that one could help a member in need as well as the other. We conclude that on this issue Aivao and Fonoti stand equal.

On the issue of character, personality, leadership and forcefulness, we think that Aivao has the better right because he is 39 years of age and in the prime of life, while Fonoti is 68. A man of 39 is not in his declining years but a man of 68 is. It is common knowledge that an officer in the Army or Navy must retire at 64 if he has not already been retired at an earlier age. It is apparently the opinion of the Congress of the United States that a man of even 64 does not have the same capacity for leadership that a younger man has.

On the issue of best hereditary right, Aivao's right to the name is superior to Fonoti's. Aivao is the true son of a Letuli and the grandson of another Letuli. The nearest

relationship to a Letuli which the genealogy of Fonoti shows him to have, is that of a great grandson. Aivao is the true son of Letuli Tagaloa. Fonoti is the great grandson of Letuli Faalogo. This leaves the matter of the wishes of the family to be considered.

██ ██ Aivao's petition has 39 signatures on it, Fonoti's 83. Some signatures on both petitions were questioned, but the Court is unable to say that any of the questioned signatures on either of the petitions should be disregarded. While it is true that Fonoti has more signatures on his petition than Aivao, that is only one item of evidence for the Court to consider in ascertaining the wishes of the family. There is another very important item having a bearing on this issue. It is the fact that at the first two meetings of the family Aivao was selected by the family for the name. It does not appear that at any of the other three meetings Fonoti was selected. While Fonoti has 83 signatures on his petition, it should be pointed out that, according to the petition itself, only four of the signers live in Iliili. 32 are from Leone and 18 from Fagatogo, while the remaining 29 are from still other villages; thus 79 of the 83 signers for Fonoti live in villages other than Iliili. 14 of the 39 signers on Aivao's petition live in Iliili. The name is Letuli of Iliili. 25 signers for Aivao come from other villages than Iliili.

The Court has already pointed out that Aivao's hereditary right is superior to Fonoti's and in addition that, on account of Aivao's being only 39 years of age and in the prime of life, his forcefulness and capacity for leadership is superior to that of Fonoti who is 68 and in his declining years.

Despite the fact that Fonoti has more signers on his petition than Aivao yet in view of the further fact that at the first two family meetings the family agreed that Aivao

should have the name, it is doubtful whether a majority of the family prefer Fonoti to Aivao. But be that as it may, Aivao clearly has a superior right to the name on the issue of hereditary right and also on the issue of forcefulness and leadership. His superior rights on these two issues clearly outweigh any doubt on the issue as to which of the two has the majority of the family with him.

We decide, therefore, that under the law as passed by the 1937 Fono and approved by the Governor, Aivao has the right to the matai name Letuli of Iliili. The Clerk of the High Court will advise the Attorney General to register Aivao for the name. Costs in the sum of $8.34 are assessed against Fonoti, the same sum against Lui and the same sum against Ioasa. The costs to be paid within 30 days.